# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 21, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JUAN MANUEL SILVA, | * | No. 18-1887V |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | UNPUBLISHED |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Paul A. Green, Law Office of Paul Green, Pasadena, CA, for Petitioner;
Alexis B. Babcock, United States Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On December 7, 2018, Juan Manuel Silva ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that the influenza vaccine he received on March 5, 2018, caused him to suffer from Guillain-Barré syndrome. On March 4, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on March 5, 2021. (ECF No. 54).

On May 19, 2021, Petitioner filed a motion for attorneys' fees and costs. ("Fees App.") (ECF No. 58). Petitioner requests total attorneys' fees and costs in the amount of $74,172.34,

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

representing $69,847.50 in attorneys' fees and $4,324.84 in attorneys' costs. Fees App. at 2. Respondent responded to the motion on May 20, 2021, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2 (ECF No. 59). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

### I.      Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

###        a.      Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner requests the following hourly rates for the work of his counsel, Mr. Paul Green: $400.00 per hour for work performed in 2018, $420.00 per hour for work performed in 2019, $430.00 per hour for work performed in 2020, and $435.00 per hour for work performed in 2021. These rates require further discussion concerning their reasonableness. Mr. Green has not yet been awarded attorneys' fees in the Vaccine Program.[4] Mr. Green practices law in Pasadena, California. Other attorneys' who practice in the Vaccine Program who are located in Los Angeles or the metropolitan area have consistently been awarded forum rates for their Vaccine Program work, and the undersigned finds that Mr. Green is also entitled to receive forum rates. Thus, the question at bar is what are reasonable hourly rates for Mr. Green's work.

Mr. Green obtained a diploma in legal practice in England in 1996 (the equivalent to a JD) and an LLM from an American law school in 2005. Thus, he had approximately 22 years of legal experience when he began work on this case in 2018, placing him within the range of attorneys with 20-30 years of experience on the OSM Attorneys' Forum Hourly Rate Fee Schedules for 2018 and all subsequent years. However, Mr. Green does not have much demonstrated experience within the Vaccine Program. Indeed, this case was the first case filed by Mr. Green in the Vaccine Program, although he has subsequently approximately a dozen additional cases. For these reasons, the undersigned finds that Mr. Green's work should be compensated at an hourly rate on the lower end of the range prescribed by the Fee Schedules (as opposed to the middle of the schedules, as the requested rates are).

Accordingly, the undersigned shall award Mr. Green the following hourly rates: $380.00 per hour for work performed in 2018, $390.00 per hour for work performed in 2019, $405.00 per hour for work performed in 2020, and $420.00 per hour for work performed in 2021. Application of these rates results in a reduction of $3,186.25.[5]

    b.  **Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are

---

[4] The undersigned is aware of one case in which a decision on attorneys' fees and costs addressing Mr. Green's work was filed. However, that decision is pending on appeal before the Court of Federal Claims on other grounds.

[5] This reduction is calculated as follows:

2018: ($400.00 per hour requested - $380.00 per hour awarded) * 45.95 hours billed = $919.00.
2019: ($420.00 per hour requested - $390.00 per hour awarded) * 31.9 hours billed = $957.00.
2020: ($430.00 per hour requested - $405.00 per hour warded) * 71.15 hours billed = $1,067.25.
2021: ($435.00 per hour requested - $420.00 per hour awarded) * 16.2 hours billed = $243.00.

The undersigned notes that some of the hours in 2018 and 2020 were billed at half rate for travel time. The undersigned totaled the amount of travel time in those years and divided it by half to arrive at the number of hours billed in the given year.

"excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed to allow the undersigned to assess their reasonableness. However, there are several instances of what appears to be duplicate billing entries. (e.g., identical billing entries on 2/28/19, 3/19/20, 6/10/20, 6/15/20, etc.) Additionally, some time was billed for administrative tasks such as filing documents. Upon review, a reasonable reduction for these issues is $600.00.

Accordingly, Petitioner is awarded final attorneys' fees of $66,061.25.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $4,324.84 in attorneys' costs, comprised of postage, the Court's filing fee, mileage costs for travel, and work performed by Petitioner's medical expert, Dr. Salvatore Napoli. Fees App. at 43-45. Petitioner has provided adequate documentation of all these expenses and they appear reasonable in the undersigned's experience. Accordingly, Petitioner is awarded the full amount of costs sought.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $69,847.50 |
|---|---|
| (Reduction to Fees) | - ($3,786.25) |
| **Total Attorneys' Fees Awarded** | **$66,061.25** |
| | |
| Attorneys' Costs Requested | $4,324.84 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$4,324.84** |
| | |
| **Total Attorneys' Fees and Costs** | **$70,386.09** |

**Accordingly, the undersigned awards a lump sum in the amount of $70,386.09, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Paul Green.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.